There are three cases on this morning's docket set for oral argument. We'll begin with cause number 16-41069, the United States of America v. Juan Espinoza-Bazaldua. Appellant ready to proceed. May it please the court, Katie Shepard for Mr. Espinoza-Bazaldua. The issue in this case is whether a conviction for Indiana dealing in marijuana categorically qualifies as a drug trafficking offense within the meaning of the 2015 version of the illegal reentry guideline. The answer to that question is no because the statute is indivisible and over broad. I'd like to begin with a brief overview of Indiana drug law and then discuss the divisibility issue and then the over breadth issue. The Indiana dealing in marijuana statute prohibits any person from knowingly or intentionally manufacturing, financing the manufacture of, delivering or financing the delivery of or possessing marijuana with intent to perform one of those acts. And the way that Indiana has set up its drug laws is that there are many statutes that prohibit the exact same conduct but then substitute different substances such as methamphetamine, cocaine or a controlled substance but they all use that same structure. The first question in this case is whether the Indiana statute is divisible. You've got to win both, right? Yes. So divisibility is whether the alternatives in the statute are elements or means and as the Supreme Court has said in Mathis, elements are the constituent parts of a crime's legal definition whereas means are mere facts or ways of committing a single offense. And the primary test for distinguishing between means and elements is whether a jury must agree as to the alternatives. Indiana law makes clear in a few different ways that the alternatives of at least delivery and financing delivery are means rather than elements. And I'd like to cover three of those this morning. First we have the vassal. What do you do just at a conceptual level? It's hard to imagine financing dealing not being dealing. So can you give just your best Indiana case where a conviction would not meet the federal drug trafficking? I think the best example of that is actually the Indiana statute that defines. Neither of you have submitted any 28J on our en banc case, Castillo, recently. But you're familiar with that case? Yes, I am. So if you've read the majority there, it's a tight majority, but the majority says you can't just look at the statute. You've got to come up with a case. So what's your best Indiana conviction under 48410 that would not be federal drug trafficking? I think the Vasher case is a good example of that. It's the double jeopardy case that's cited in my brief and in that case we do have an example of a defendant, although it's the methamphetamine statute, it's the same structure of manufacture, deliver, financing, that same structure. And in that case the defendant was charged with two counts. One count was delivery of methamphetamine and another count was financing delivery of methamphetamine. And the defendant had been charged in separate informations that were later consolidated, so that's why it was charged separately like that. So that provides an example that's true, but it doesn't tell us why it wouldn't be equivalent to the guideline enhancement phrase. Right. I think another example is the Hike case where the... But Hike said purchasing for personal use doesn't qualify. That's true, but the case does discuss what financing means according to the Indiana courts and it defined, the statute doesn't define financing, but it does define delivery. You know the lineup. I was in dissent in Castillo on this issue, but you've got it. So how do you read Castillo? No one's briefed it. Right. I do think that Castillo does require a case. You do, okay. I think we do have cases. Your best case is Vashua. Vashua and the Hike case. And again, I agree, of course, that the Hike case found that the evidence in that case showed that the defendant had committed a Financing. Financing, but in that case the court did discuss what financing means in Indiana law. So I think that does lend support to our position. Any other circuit have the Castillo rule we have? Not that I'm aware of. Is it consistent with the intervening Supreme Court case, Esquivel or however you pronounce it, a couple days ago? Let's see. I'm not sure on that question, actually. I apologize. No, that's all right. Last question and I'll let you keep going with your argument. The Seventh Circuit case that looked like it could be half for you, half against, but therefore you'd lose, Lopez. Right. Lopez says divisible, therefore you lose. Your answer would be Mathis now forecloses that? Absolutely. Is there a Seventh Circuit case that said that? There's not a Seventh Circuit case. But then it does say it's broader. And so that portion would stand, and if we rule otherwise, we have a split? I agree with that. Yes, Your Honor. Because in Lopez, the court did conclude that the Indiana statute is overbroad and without the guidance of Mathis did not engage in the divisibility analysis that Mathis clearly requires and jumped right into the modified categorical approach to consider whether the documents in that case. And none of this was discussed by the district court because it went off on a totally different theory aiding and abetting, am I right? That's correct. Yes, the district court held, as an El Paso district court case had held, that the financing is the equivalent of aiding and abetting. But our argument is that there are two problems with that argument. And one is that the Indiana statute separately criminalized aiding and abetting. And there are examples of Indiana cases where the aiding and abetting statute has been combined with the dealing in drugs statutes. And so if you interpret financing to be the equivalent of aiding and abetting, then you have the absurd result where someone could be convicted of aiding and abetting the aiding and abetting of a drug trafficking offense. So the other argument for not interpreting the statute that way is that the plain language of the guidelines commentary requires that the principal offense categorically match a drug trafficking offense before you look to whether the aiding and abetting of that principal offense. Is that just commentary or do we have Fifth Circuit law saying that? It's mainly based on the commentary that says that the prior convictions of offenses that are counted under subsection B1. I thought you cited the Henao case. I cited the Sanchez case that dealt with attempt and said that if the attempt, if completed, counts under subsection B1, then it would also qualify as a drug trafficking offense. So it didn't exactly deal with aiding and abetting, but it's the same part of the commentary that deals with aiding and abetting and conspiracy and attempt. If you're persuasive that the district court erred in its aiding and abetting analysis, and if neither of you have briefed Castillo, what's the best, what relief would you think we should do? I think we've provided enough cases in our brief to support that the statute is indivisible and overbroad, and so I think the case should be remanded to the district court for resentencing without that enhancement. Under Castillo? Yes. Okay. And if I could turn to the divisibility aspect of the argument, as I discussed already, the VASHA case I think supports the statute being indivisible. That was a double jeopardy case and the court held that the trial court had erred by entering convictions on both dealing offenses, and if the dealing offenses of delivery and financing were separate offenses, then it would not violate double jeopardy for there to be two convictions. So because the court found that there was a double jeopardy error in that case, the delivery and financing are clearly means. And in that case, the trial court itself recognized the double jeopardy problem and had merged the convictions for sentencing, but then the court erred by not going the extra step of not entering conviction on both of those offenses. And even though the VASHA case is unpublished, I think it is still helpful on the indivisibility question because the error in that case was so clear under Indiana law that even the state of Indiana had agreed that there was an error in that case. We also have the pattern jury instructions, which set out the alternatives in the Indiana statute in brackets and are written in the disjunctive. So if a jury was presented with that jury instruction, the jury would not have to agree on the different parts of the statute. Did you represent the defendant at trial? No, I did not. What was that? I'm sorry. I said, did you represent the defendant in the proceedings below? The Federal Public Defender's Office does, but not me personally. Well, I congratulate you. It's the first case I've seen in a long time where you objected to the error. Yes, and the government has— Congratulate you. Thank you. Found out how to do that. Yes. The government has argued that the error in the case was not preserved, but I would agree with you, Your Honor, that we did preserve the objection in this case. We filed a written objection before sentencing and urged the objection again at sentencing. So I do think the error in this case is preserved. And the discussion of the lower guidelines range under the new guidelines was all subject to the district court having overruled the objection to the 16-level enhancement. So I do think the court's review in this case is de novo. And the third case I wanted to discuss this morning for disability is the Hike case, which I already mentioned as well. And in that case, the defendant was charged in a single count with knowingly delivering or financing the delivery of a controlled substance. So the jury clearly did not have to agree among those alternatives. And the Hike case also demonstrates in another way that delivery and financing are not the—are means rather than elements because the defendant had raised a sufficiency of the evidence challenge on appeal, and the state argued in response that the evidence was sufficient either because the defendant had delivered the drugs or because the defendant had financed the delivery of the drugs. And because the state had made both of those arguments in support of a single jury verdict, it's clear that the jury was not required to agree and that the alternatives are means. The government makes an argument about the different penalties in this statute for amount of marijuana, showing that this statute contains elements instead of means. But the penalty for amount actually applies equally to all of the different alternatives in the statute, and so that does not end up demonstrating that they're elements. In terms of the overbreadth issue, the guidelines commentary defines a drug trafficking offense to include 11 specific acts, and none of those acts are financing. So under the plain language of the guidelines, the Indiana statute is broader than a drug trafficking offense. And as we already discussed, the Lopez Village case supports that argument. Although that case dealt with dealing in cocaine, it's another one of those Indiana statutes that has the same structure as the dealing in marijuana statute. And the Lopez case arose in the immigration context, but the way that a drug trafficking crime is defined in immigration law is pretty similar to how the guidelines defines a drug trafficking offense. And so we would urge the court to rely on the Lopez case and reach the same conclusion in this case and avoid a circuit split. And I would also like to point out on the overbreadth issue that the guidelines could have been written more broadly. For example, the Armed Career Criminal Act defines a serious drug offense as convictions to include convictions involving drug distribution, but the commission did not take the same approach in defining the drug trafficking offense and instead specified 11 specific acts that are encompassed in a drug trafficking offense. I'd briefly like to discuss harmlessness. The government doesn't dispute this in its brief, but if the 16 level enhancement had not been applied, the guidelines range would have been 18 to 24 months instead of the 46 to 57 months that the district court used. And although the district court downwardly varied to 37 months, that's still a lot higher than the 18 to 24 months that would be the correct range without the guidelines enhancement. And the district court didn't say in this case that it would impose the same sentence even if it was an error on the guidelines range. And if the court has no further questions, I have reserved some time for rebuttal. Thank you, counsel. Thank you. Mr. Berry. May it please the court, Richard Berry for the United States. Good morning, your honors. The United States will respectfully submit that the statute is both divisible and that it is categorically a drug trafficking offense for which the sentence imposed exceeded 13 months. I think if you can prevail in this case, it's going to be on Castillo-Rivera. I respect your arguments, but that's where this case is going to turn. Well, and as Judge Higginson noted, neither of us addressed Castillo owing to its recency. Yes, I understand. What does that mean? You didn't address it. She became very prepared. It's a difficult type case. Do you know the case? I am vaguely familiar with it, yes, your honor. But your rough familiarity meant that you didn't send it to us because you'd rather defend the sentence on different grounds or you thought it was tangential or why not brief it? It was too recent for me to send in, your honor. But you could have sent a 28. I could have sent a 28-J letter, although the court has recently amended its 28-J policy. However, that certainly would cover it. So you can win. The government wins here in three ways. You win if the district court is right with the aiding and abetting. They cited law that I didn't see you answer that suggests that that's a difficult way to go. You win if it's divisible. That runs in, although the Seventh Circuit said it pre-Mathis, it looks very hard to argue under Indiana law double jeopardy. You win if the Seventh Circuit's wrong, that financing is in broader, criminalizes broader conduct. Or fourth, you win just on Castillo. My thought is, with my colleague, that the first three don't look very easy to win on. But we've announced a Castillo decision that might make you win, but you didn't brief Castillo. Your honor, obviously I'll. So which of the three, if you don't have Castillo, which of the three is your best argument? The district court's reasoning, aiding and abetting, divisibility, or the Seventh Circuit's wrong? The district court's reason—well, there are all three good arguments for us, your honor. I respectfully submit, first, the district court was correct to follow Judge Martinez from the Western District of Texas, that financing constitutes aiding and abetting. What's your best circuit case that said aiding and abetting can be equivalent to federal drug trafficking instead of us first asking commentary, Jerry Smith's decision in Haneo, that you first ask whether the underlying state offense is equivalent? What's your best circuit case that you can allow aiding and abetting to be the equivalent? Do you have one? Not off the top of my head, I'm sorry. That's all right. Well, the logic still may work. All right. First, as to the state court cases, and I apologize, this is also not in the brief. As to the state court cases, Espinoza cites on appeal. All but one of them are completely not before this court. By operation of Indiana Rule of Appellate Procedure 65D, unpublished memorandum opinions cannot be cited, and they are not precedential. They're not even advisory, unlike published opinions from this office. That's a technical argument. How does that work? Indiana says you can't cite it to their courts, but that wouldn't apply to us. If we think it's not precedential and not citable to an Indiana court discussing Indiana law, how can it possibly help this court? We think it's persuasive, that it suggests that it's actually broader. It criminalizes conduct that wouldn't be criminalized under 201. whatever it is. Heisch, the one case that was published, discusses financing and actually aids our argument. It says that financing is. . . Well, why don't you distinguish FASWA on the merits, rather than saying that an Indiana internal rule makes it not binding on Indiana courts? Distinguish FASWA if you can. There were separate counts charged, which ultimately were separate counts of drug trafficking, which resulted in a single conviction, much like one can charge possession of ammunition and possession of a firearm, but the government has to, the United States has to elect at sentence, and we can get a separate conviction on each count. We have to elect at sentencing which count we wish to proceed with for the purpose of sentencing. They're merged. This goes to divisibility. Are there separate crimes, hence one would be double jeopardy as the other? Are you saying FASWA shows that conduct that wouldn't, all conduct, would be federal trafficking? What's the argument you're making? The argument I'm making is from Eichelberger v. State. It's an Indiana case from 2016. The defendant was convicted of multiple offenses arising from his conversion of pseudoephedrine to methamphetamine. The Indiana Supreme Court itself, not an intermediate court, the Supreme Court described the two crimes as dealing in methamphetamine by delivery and dealing in methamphetamine by manufacture. They were charged at separate counts in the information. The jury returned separate verdicts. The Indiana Supreme Court modified the sentence so that there was only one sentence for the two counts, but it let stand each of the two convictions. Describing the offenses and allowing the judgment to stand suggests rather strongly that the two offenses are separate crimes with separate elements and that a conviction for financing should be treated the same way. Okay, that's a divisibility argument, right? So you're not, that's not aiding and abetting equals, nor is that saying it's divisible, so you win because we should have moved to modified categorical approach and this gentleman's Shepard-approved documents would show. That's what you're arguing? That is correct. Along the lines of Lopez and in response to your earlier question, Lopez has been cited twice by the Seventh Circuit. Once before Mathis and once, I believe, the day after Mathis. Moog v. Lynch in March of 2016 and Dominguez-Paluto v. Lynch, June the 24th, 2016, which are not cited in the brief, unfortunately. That's a lot of difficult issues. You have one sentence in your brief on divisibility, and in that sentence you talk about a Texas burglary statute. That was just typographical error? That was a typographical error, Your Honor, for which I am humbly apologetic. You've got 13 minutes. Why don't you, to the extent you're familiar with Castillo, go ahead and tell us why we would affirm based on Castillo. I'm afraid I'm not that familiar with Castillo, Judge Higginson. I apologize. I'd be glad to submit a 28-J letter. As to divisibility generally, even if the Court concludes that it's not a generic drug trafficking offense, it's divisible under DeCamp and Mathis. Although it lists alternative items that carry, normally if a statute lists different elements that carry different punishment, their elements here, they all carry the same punishment. However, the statute does not list illustrative examples. It lists a very specific set of four elements. The statutory alternatives all carry the same punishment. Manufacturing, financing the manufacture, delivering and financing the delivery, all separated by or, which is consistent with them being elements. And then I discussed Eichelberger. Any remaining doubt should be resolved in favor of the United States by simply, as Mathis said, a quick peek at the charging instrument, which charged Espinosa with possession with intent to deliver marijuana in an amount greater than 10 pounds. None of the other alternatives in 3548.10 are listed. As Mathis said, an indictment and jury instructions could indicate, by referencing one alternative to the exclusion of the others, that the statute contains a list of elements, each of which goes to a separate crime. And . . . Counsel. Yes, sir. Let me just say that this case, and you've heard from both my colleagues about what they deem the importance of Castillo, and I agree. And the fact is, upon first examining this case, I think every judge on this panel was convinced that that case was implicated in this case. It was a decision which occurred subsequent to your briefing, and it's one which, frankly, I viewed as a classic example of when a 28-J letter is the most appropriate. And we just didn't get there. And it may be that what we need to do is ask for some post-trial briefing on that issue. I'm questioning how beneficial it's going to be to continue argument when there is an en banc decision which all three of us think affects what the outcome ought to be in this case. Which is to say, you can use the rest of your time if you choose, but I think you've heard enough about what we think is important and what hasn't been briefed. And so I'll allow you to make that decision. We're going to ask for post-trial briefing from both of you on that issue anyway. It's up to you. Except in what I interpret to be the Court's gracious invitation, I would be delighted to submit post-argument briefing on Castillo and apologize yet again for not having submitted a lengthy 28-J letter on Castillo prior to today. You have an opportunity for redemption. Thank you, Judge Higginbotham. We all mess up sometimes. Ms. Shepard, you have an opportunity for rebuttal. Thank you, Your Honors. I would just like to add one thing since we are going to be doing the supplemental briefing on the Castillo case. And opposing counsel brought up the illustrative examples argument that is in Mathis, but I'd like to point out that this Court's case in Lobaton discusses how the lack of illustrative examples does not render a statute divisible the way that the presence of illustrative examples would, and that that wouldn't overcome the other case law that I've cited and discussed this morning for explaining why the statute is indivisible. All right. No, thanks. I mean, well, thanks. But that wouldn't be a Castillo question. No. You've made good arguments about divisibility. The difficult task for you under Castillo is to somehow find in Indiana case law that Indiana is prosecuting crimes that would go beyond what it seems like they would allow. I guess I have one question. Do you think that intuitively that means you've got to find a published decision? Could it be an unpublished? Could it be the fact that defendants pled guilty so there was no court treatment of it, but sure enough the crime? Would you? I think that would be appropriate under Castillo. So you've got to go back and maybe call defense attorneys you know and find a plea? Yeah? Yeah. That's a lot of work. Absolutely. Okay. But I am up to the task. You're up. I'm sure I'll find something. Okay. You're smart enough to agree with that question. But I don't think it needs to be a published case. I think with the way that plea bargaining works that would be unfair to require a published case on the subject, and it would provide examples of a plea agreement or an unpublished case. Read Castillo closely. I thought I wrote saying some of that, and it wasn't in the majority on that point. Yes. Yes, I understand. Your response is, but you should have been, Your Honor. Yes. Yes, exactly. So if there are no further questions, we will of course submit a further briefing on the Castillo issue. All right. Thank you, Kendall. Thank you. Thank you both.